J-S83017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH PAUL MCKENZIE, | |
| Appellant | No. 225 WDA 2016 |

Appeal from the Judgment of Sentence November 5, 2015
In the Court of Common Pleas of Greene County
Criminal Division at No(s): CP-30-CR-0000127-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 2, 2016**

Appellant, Joseph Paul McKenzie, appeals from the judgment of sentence entered following his conviction of possession of a weapon on school property, and the summary offenses of trespass and public drunkenness.  We affirm.

We summarize the history of this case as follows.  On the evening of April 7, 2015, Appellant, then thirty years old, was discovered by a custodian in the hallways of Carmichaels Junior-Senior High School, which was undergoing a construction project.  The custodian noticed that Appellant was carrying a bottle of vodka.  The custodian directed Appellant to the exit, but the custodian later noticed that Appellant had re-entered the building.  As a

_____

[*]  Retired Senior Judge assigned to the Superior Court.

result, the custodian contacted police. When Appellant was finally apprehended, he had accessed the roof in the auditorium portion of the building. At that time, the police discovered a bottle of vodka and a pen-knife on Appellant's person.

In an information filed on May 21, 2015, Appellant was charged with the crimes stated above. On September 16, 2015, a jury convicted Appellant of the misdemeanor of possession of a weapon on school property. Also on that date, the trial court convicted Appellant of the summary offenses of trespass and public drunkenness. On September 28, 2015, new counsel entered a praecipe for appearance on behalf of Appellant and filed a motion for judgment of acquittal and/or new trial, which challenged the verdict on the basis of the weight of the evidence and also presented allegations of trial counsel ineffective assistance. The Commonwealth filed a motion to strike Appellant's motion on October 1, 2015. On November 2, 2015, the trial court filed an order indicating that Appellant's motion would be treated as a post-sentence motion. On November 5, 2015, the trial court sentenced Appellant to a term of incarceration of time served to eighteen months with immediate parole, plus a fine of $200.00 for the conviction of possession of a weapon on school property. Appellant was also sentenced to pay a $50.00 fine for each of the two summary offense convictions.

In an order entered on November 6, 2015, the trial court scheduled a hearing on Appellant's outstanding motion, which stated the following:

The post-verdict motions which we deferred . . . shall be heard by the Court on January 12, 2016 to the extent that they involve issues other than those available under the Post Conviction Relief Act [("PCRA"), 42 Pa.C.S. §§ 9541-9546]. Remedies under [the PCRA] are not available until after any appellate relief is no longer available/concluded.

Accordingly, any matter sending [sic] in post-conviction relief, such as ineffective assistance of counsel, shall not be heard on January 12, 2016.

Order, 11/6/15, at 1.

In its opinion and order filed on January 15, 2016, the trial court denied Appellant's motion and indicated that it limited its review to Appellant's challenge to the weight of the evidence. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A. Was the evidence insufficient as a matter of law to convict [Appellant] of intentionally carrying a knife onto school property in violation of 18 Pa.C.S. § 912(b)?

B. Was the verdict against the weight of the evidence in that the Court erred and abused its discretion by holding that "…the verdict was not so contrary to the evidence presented as to shock one's sense of justice to the extent required to grant a new trial on that evidence alone"?

C. Was defense counsel at the time of trial incompetent as a matter of law to such a degree that the trial court should have recognized the level of incompetence as the trial was proceeding?

Appellant's Brief at 5.

Appellant first argues that there was insufficient evidence to support his conviction of possession of a weapon on school property. Appellant's Brief at 9-10. In essense, Appellant asserts that he did not enter the school building with the conscious object of possession of a weapon. *Id*. at 9. To justify his possession of the weapon, Appellant notes that he "did not even think of the fact that he had a knife in his pocket because it's a habit; he always has the knife on his person." *Id*. Thus, Appellant claims that the Commonwealth failed to establish the necessary *mens rea* for conviction.

We analyze arguments challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting *Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

- 4 -

The crime of possession of a weapon on school property is set forth at 18 Pa.C.S. § 912 and is defined as follows:

> **(b) Offense defined. —** A person commits a misdemeanor of the first degree if he possesses a weapon in the buildings of, on the grounds of, or in any conveyance providing transportation to or from any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school.

18 Pa.C.S. § 912(b). Section 912 sets forth the applicable definition of weapon as follows:

> **(a) Definition. —** Notwithstanding the definition of "weapon" in section 907 (relating to possessing instruments of crime), "weapon" for purposes of this section shall include but not be limited to any knife, cutting instrument, cutting tool, nun-chuck stick, firearm, shotgun, rifle and any other tool, instrument or implement capable of inflicting serious bodily injury.

18 Pa.C.S. 912(a). In addition, the statute expresses the following defense to the crime:

> **(c) Defense. —** It shall be a defense that the weapon is possessed and used in conjunction with a lawful supervised school activity or course or is possessed for other lawful purpose.

18 Pa.C.S. § 912(c).

In ***Commonwealth v. Giordano***, 121 A.3d 998 (Pa. Super. 2015), we addressed a challenge to the sufficiency of the evidence in the context of section 912 and determined that "[section 912] does not include a specific scienter requirement." ***Id***. at 1005. In addressing the appellant's claim therein, we concluded that the statute is not a strict liability crime. ***Id***. at

1006. The Court in *Giordano* explained the following prior to analyzing the merits of the sufficiency issue:

> Because section 912 is not a strict liability crime, the Commonwealth must prove that [the defendant] acted intentionally, knowingly, or recklessly. *See* 18 Pa.C.S.A. § 302(b).

*Id*. *See also* 18 Pa.C.S. § 302(c) (stating that "[w]hen the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto").

The various levels of culpability are defined in section 302(b), which provides in relevant part as follows:

> **(b) Kinds of culpability defined.**
>
> (1) **A person acts intentionally** with respect to a material element of an offense when:
>
>> (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
>>
>> (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
>
> (2) **A person acts knowingly** with respect to a material element of an offense when:
>
>> (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

> (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.
>
> (3) **A person acts recklessly** with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(1)-(3) (emphases added).

Our review of the record reflects that Officer Bryan Smith of the Cumberland Police Department testified at trial. N.T., 9/16/15, at 52-70. Officer Smith explained that on the evening of April 7, 2015, he was dispatched to the Carmichaels School to respond to a report of an unknown individual on the property. *Id*. at 53-54. Officer Smith testified that the auditorium area of the building was undergoing construction and was fenced off with signs warning against trespassing after dark. *Id*. at 56. Officer Smith also indicated that the fence was ten-feet high. *Id*. at 57. The officer further testified that the police discovered Appellant on the roof above the projection area of the auditorium. *Id*. at 58. The officer also stated that when Appellant was apprehended, he had a knife in his pocket. *Id*. at 59.

Appellant testified on his own behalf at trial. N.T., 9/16/15, at 81-92. Appellant stated that he entered the building at approximately 7:30 or 8:00 p.m. in order to "check out" the progress of the building's construction

project.  *Id*. at 81-82.  Appellant explained that he was carrying a half-empty bottle of vodka that he had purchased at approximately 3:00 p.m., but he indicated he did not consume the vodka by himself.  *Id*. at 82-83. Appellant admitted that when the police discovered him on the roof above the auditorium portion of the building, he descended a ladder.  *Id*. at 84. Appellant also admitted that he had a knife in his pants pocket.  *Id*.  On cross-examination, Appellant indicated that he carries the knife every day. *Id*. at 89.  Appellant also stated that he carries the knife "all the time."  *Id*. at 90.  In addition, Appellant testified as follows:

> Q.  Do you ever leave home without that knife?
>
> A.  No.
>
> Q.  So it is safe to say, that if you knew that you had that knife on you, in case you would have needed it?
>
> A.  Yeah.
>
> * * *
>
> Q.  And what is so special about that knife being on [your] right [pants pocket] side?
>
> A.  Because I'm right handed and that's where it's easy to get.

*Id*.

Under the totality of the circumstances, this evidence, viewed in the light most favorable to the Commonwealth, is sufficient to sustain Appellant's conviction of possession of a weapon on school property. Indeed, Appellant's own testimony that he consciously carries the knife on

his person every day is sufficient to prove that he acted knowingly in taking the weapon onto school property. Therefore, Appellant's contrary argument lacks merit.

Appellant next argues that the jury's verdict was against the weight of the evidence. Appellant's Brief at 10-11. Beyond citation of appropriate legal authority, Appellant's argument consists of the following two sentences:

> The evidence which the Commonwealth presented of [Appellant] on the property of Carmichaels High School isn't enough to support a conviction of possessing a weapon on school property. Allowing the jury to rely solely on that fact, shocks the conscience.

*Id*. at 11.

In **Commonwealth v. Clay**, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); **Commonwealth v. Brown**, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. **Widmer**, 560 A.2d at 319-20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id**. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right

may be given another opportunity to prevail." ***Brown***, 538 Pa. at 435, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* ***Brown***, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. ***Commonwealth v. Farquharson***, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Widmer***, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record

shows that the action is a result of partiality, prejudice, bias or ill-will.

*Widmer*, 560 A.2d at 322, 744 A.2d at 753 (quoting *Coker v. S.M. Flickinger Co.*, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

*Clay*, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-880 (Pa. 2008).

As the trial court aptly stated:

In deciding this issue, we are restricted in our inquiry to what we actually saw occur and the evidence presented at trial. Acknowledging that limitation, we conclude the verdict was not so contrary to the evidence presented as to shock one's sense of justice to the extent required to grant a new trial on that evidence alone.

Trial Court Opinion, 1/15/26, at 2.

Based upon our complete review of the record, we are compelled to agree with the trial court. Here, the jury was free to believe all, part, or none of the evidence against Appellant. The jury weighed the evidence and concluded Appellant perpetrated the crime of possession of a weapon on school property. This determination is not so contrary to the evidence so as to shock one's sense of justice. We decline Appellant's invitation to assume the role of fact-finder and to reweigh the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in refusing to grant relief on Appellant's challenge to the weight of the evidence.

Appellant last argues that his trial counsel was ineffective. Appellant's Brief at 11-13. Appellant contends that his trial counsel was unprepared by failing to meet with Appellant prior to trial and adequately prepare a defense. *Id*. at 12. Appellant alleges that counsel failed to contact potential witnesses Appellant had identified to counsel at the time of his preliminary hearing. *Id*. In addition, Appellant claims that trial counsel was ineffective for failing to present to the Commonwealth an alternative plea offer proffered by Appellant after the Commonwealth had rendered its plea offer. *Id*.

These allegations of ineffectiveness were raised in Appellant's post-verdict motion, which was treated by the trial court as a post-sentence motion. Motion, 9/28/15, at 3. However, as we previously observed in this memorandum, in scheduling the January 12, 2016 hearing to address Appellant's motion, the trial court expressed that it would not entertain Appellant's allegations of ineffective assistance of counsel. Order 11/6/15, at 1. In its decision disposing of Appellant's motion, the trial court stated the following:

> As we discussed with [c]ounsel at our oral argument of January 12, 2016 much of [Appellant's] motion . . . involves matters which are appropriately determined under the [PCRA]. … At our January 12, 2016 proceeding [d]efense counsel suggested to the [c]ourt that one issue is appropriate for present resolution. That issue is the challenge to the weight of the evidence.

* * *

- 12 -

> This ruling is without prejudice to the other issues relating to [trial c]ounsel's effectiveness raised throughout [Appellant's] Motion for Judgment of Acquittal and/or New Trial. . . . We preserve the [ineffective assistance of counsel] issues to be raised in a [PCRA p]etition at which time [Appellant] may raise these and any other claims invoking the [PCRA].

Trial Court Opinion, 1/15/15, at 1-2. Thus, the trial court solely addressed the merits of Appellant's challenge to the weight of the evidence.

Likewise, we decline to address Appellant's claims of ineffective assistance on direct appeal. Our Supreme Court in *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013), reaffirmed the general rule that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." In *Holmes*, the Supreme Court "specifically disapproved of expansions of the exception [of] general rule recognized in *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003)," which held that if a claim of ineffectiveness of trial counsel had been fully developed at a hearing devoted to the question of ineffectiveness, such claim could be reviewed on direct appeal. *Commonwealth v. Burno*, 94 A.3d 956, 970 (Pa. 2014) (citing *Holmes*).

Our Supreme Court recognized only two exceptions to the general rule requiring deferral of ineffectiveness claims to PCRA review, both of which fall within the discretion of the trial judge. Specifically, the Supreme Court explained the following:

- 13 -

First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.

Second, with respect to other cases and claims, including cases such as ***Bomar*** ..., where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown,[1] and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA.[2] In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called ***Bomar*** exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

[1] [I]n short sentence cases the trial court's assessment of good cause should pay particular attention to the length of the sentence imposed and the effect of the length of the sentence will have on the defendant's realistic prospect to be able to avail himself of collateral review under the PCRA.

[2] Unitary review describes the defendant's ability to pursue both preserved direct review claims and collateral claims of trial counsel ineffectiveness on post-sentence motions and direct appeal, and could aptly describe both exceptions we recognize today. However, for purposes of this appeal, we intend the term only to describe the second exception, *i.e.*, that hybrid review which would encompass full-blown litigation of collateral claims (including non-record-based claims).

*Holmes*, 79 A.3d at 563–564 (citations omitted).

Here, Appellant's claims of ineffective assistance of trial counsel were neither developed at the January 12, 2016 hearing nor ruled upon by the trial court. Furthermore, the claims do not fall into either of the *Holmes* exceptions which would permit this Court to address them on direct appeal. Appellant does not argue, nor do we conclude, that his ineffectiveness claims are of such extraordinary magnitude warranting immediate consideration as to fall within the first exception. The second exception likewise does not apply, as Appellant made no express waiver of future PCRA review. Accordingly, we deny relief without prejudice for Appellant to raise any cognizable ineffectiveness claims in a timely PCRA petition.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2016

- 15 -